**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL & TIFFANY FRYE,**

    Plaintiffs,

v.                                                                                   **Civil Action No. 3:10-CV-39
(BAILEY)**

**DAN RYAN BUILDERS, INC. et al.,**

    Defendants.

## ORDER DENYING DEFENDANT FRALL FOUNDATION COATING, INC.'S MOTION TO DISMISS

Currently pending before this Court is Defendant Frall Foundation Coating, Inc.'s Motion to Dismiss [Doc. 56], filed October 20, 2010. The plaintiffs and Defendant Dan Ryan Builders, Inc. responded on February 25, 2011, and March 3, 2011, respectively. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion should be **DENIED**.

## BACKGROUND

This case arises from two water events the plaintiffs allege they suffered in their basement in April 2008 and May 2009. On March 5, 2010, the plaintiffs filed suit in the Circuit Court of Berkeley County, West Virginia, asserting breach of contract, negligence, breach of implied warranty, and fraudulent concealment against Dan Ryan Builders, Inc. ("DRB"), the corporation from which the plaintiffs purchased their home. On April 7, 2010, DRB removed the above-styled action to the Northern District of West Virginia based upon diversity jurisdiction.

1

On August 24, 2010, the plaintiff filed an Amended Complaint [Doc. 25], asserting claims against DRB's subcontractors, including Frall Foundation Coating, Inc. ("Frall"). In particular, the plaintiffs allege that Frall is liable for negligence (Count II), fraudulent concealment (Count IV), and punitive damages (Count V) in connection with its performance of services related to waterproofing the basement of the plaintiffs' home.

On September 3, 2010, DRB filed its Answer to Amended Complaint [Doc. 30], which contained cross-claims against its subcontractors, including Frall. Specifically, DRB alleges that it is entitled to indemnification and/or contribution from Frall and its other subcontractors for the full amount of any judgment rendered against it. (Id. at ¶ 8).

On October 20, 2010, Frall filed the instant Motion to Dismiss [Doc. 56], arguing that the plaintiffs have failed to state a claim against it upon which relief can be granted. Specifically, Frall argues that the plaintiffs have failed to adequately plead that it owed them a duty required to support claims for negligence and fraudulent concealment. (Doc. 57] at 2-5). As for the plaintiffs' claim for punitive damages, Frall argues that allegations of negligence and fraudulent concealment do not rise to the requisite level of willful and wanton misconduct. (Id. at 5-6). Finally, Frall argues that "[t]he plaintiffs have not alleged a single basis upon which they would be entitled to recover attorneys' fees in this case." (Id. at 6).

On February 25, 2011[1], the plaintiffs filed a Response [Doc. 96], asserting that they

---

[1]On October 21, 2010, the day after Frall filed the instant motion, this case was stayed to allow DRB to find new counsel. On November 22, 2010, new counsel noted her appearance for DRB and the next day filed a Motion to Quash [Doc. 66], which the magistrate judge recently granted on February 11, 2011. Shortly thereafter, suspecting that the instant motion had been overlooked amidst the stay and the litigation on DRB's Motion to Quash, this Court contacted counsel for the plaintiffs and directed him to file a response.

have stated a claim against Frall upon which relief can be granted. First, the plaintiffs argue that Frall owed them a common law duty to exercise reasonable care and skill, which Frall breached by failing to adequately "damp proof" or "water proof" the plaintiff's basement. (Id. at 2-3). Next, the plaintiffs argue that Frall committed fraud by failing to disclose that it had failed to adequately "damp proof" or "water proof" the basement. (Id. at 3-5). Finally, the plaintiffs argue that they have sufficiently pled entitlement to punitive damages based upon intentional and material failure to disclose that the basement had not been prepared to repel water. (Id. at 5-6).

On March 2, 2011, DRB also filed a Response [Doc. 97], opposing Frall's motion. First, DRB argues that "[i]t is axiomatic that Plaintiffs' tort claims can lie against Frall even where no privity of contract exists." ([Doc. 97-1] at 3). Second, DRB argues that "Frall's dismissal would be premature in that it would fail to comport with the longstanding principle of judicial economy," referring to DRB's indemnification cross-claim against Frall. (Id. at 4).

## DISCUSSION

### I. Standard

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008)

3

(quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (May 18, 2009)(internal quotations and citations omitted).

Additionally, a 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56(c) where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Here, the plaintiffs attached an exhibit containing a breakdown of the construction costs provided in discovery by DRB [Doc. 96-1]. However, in consideration of the 12(b)(6) motion, this Court has elected to exclude the exhibit, making a summary judgment standard inapplicable to the defendant's motion. See Fed. R. Civ. P. 12(d).

**II. <u>Analysis</u>**

In its motion, Frall challenges whether the plaintiffs have stated a claim against it for negligence, fraudulent concealment, punitive damages, and attorney's fees. This Court will now consider each challenge, in turn.

**A. Negligence (Count II)**

In support of dismissing the plaintiffs' negligence claim, Frall argues that the plaintiffs have failed to allege the existence of any legal duty owed to them by Frall because "the

4

only duty owed by any of the defendants to the plaintiffs is the contractual duty of [DRB] to construct a new residential home." ([Doc. 57] at 3). This Court disagrees.

In *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1989), the Supreme Court of Appeals found that West Virginia law no longer requires privity to assert a breach of duty. Concluding that the concept of privity is irrelevant to claims sounding in tort, the Supreme Court of Appeals explained that "in matters of negligence, liability attaches to a wrongdoer, not because of a breach of a contractual relationship, but because of a breach of duty which results in an injury to others." *Id.* at 587, 371 S.E.2d at 84 (internal citation and quotation omitted). In the instant case, therefore, it is of no significance that the plaintiffs have contractual privity only with DRB. Instead, the success of the plaintiffs' negligence claim against Frall depends solely upon the sufficiency of their allegations supporting the elements of the tort.

"In order to establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff." *Aikens v. Debow*, 208 W.Va. 486, 490, 541 S.E.2d 576, 580 (2000) (internal quotations omitted). Moreover, "[t]o be actionable, negligence must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury." *Id.* at 491, 541 S.E.2d at 581.

In the Amended Complaint, the plaintiffs allege that Frall "owed [them] a duty to construct [their] home and to perform the construction exercising ordinary care in and about the construction of a new home." ([Doc. 25] at ¶ 43). The plaintiffs further allege that Frall was negligent in failing to "properly waterproof [their] basement . . . to ensure that water would not penetrate the basement walls and floor." (Id. at ¶ 51). Finally, the plaintiffs

allege that "as a direct and proximate result . . ., [they] have suffered actual damages and unliquidated damages, including but not limited to loss of use of their home; loss of enjoyment, peace and quiet in [their] home as a result of the basement flooding; emotional distress due to fear of home collapsing; annoyance and inconvenience." (Id. at ¶ 52).

Accepting these allegations as true, this Court finds that the plaintiffs have stated a claim for negligence against Frall upon which relief can be granted. Accordingly, Count II (Negligence) **MAY PROCEED** insofar as it is pled against Frall.

      **B.**      **Fraudulent Concealment (Count IV)**

In support of dismissing the plaintiffs' fraudulent concealment claim, Frall again argues that the plaintiffs have failed to allege that Frall owed them a legal duty to disclose that it failed to properly waterproof their basement. Frall further argues that the plaintiffs have failed to allege that "they relied upon or were damaged by Frall's alleged non-disclosure." ([Doc. 57] at 5). Finally, Frall argues that "the plaintiffs have failed to allege that Frall actively concealed its alleged failure to properly waterproof their basement with the intent to thwart the plaintiffs' efforts to conduct an investigation relating to such information." (Id.). This Court disagrees.

"The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." ***Bowling v. Ansted Chrysler-Plymouth-Dodge***, 188 W.Va. 468, 472 425 S.E.2d 144, 148 (1992) (internal citations and quotations omitted). Based upon a duty to disclose, "an action for fraud can arise by the concealment of truth." ***Teter v. Old Colony***, 190 W.Va. 711, 717, 441 S.E.2d 728, 734 (1994) (internal

citations and quotations omitted).

First, this Court's discussion of *Sewell* above is equally applicable to this tort claim. As such, this Court finds that the plaintiffs have sufficiently alleged that Frall owed them a duty of care in waterproofing their basement. That duty of care also included a duty to disclose any material fact concerning the basement's ability to repel water.

Second, this Court finds that the plaintiffs have sufficiently alleged that they were damaged by Frall's non-disclosure. In particular, the plaintiffs allege that "as a direct and proximate cause" of Frall's failure to disclose that it failed to properly waterproof the plaintiffs' basement, they "have suffered actual damages and unliquidated damages, including . . . loss of enjoyment, peace and quiet in [their] home as a result of the basement flooding . . .." ([Doc. 25] at ¶ 68).

Third, this Court finds that the plaintiffs have adequately alleged that Frall deliberately chose not to disclose that it had failed to properly waterproof their basement. Specifically, the plaintiffs allege that "Frall failed to disclose that they failed to properly waterproof [their] basement and that this failure could lead to the property's inability to handle storm water runoff and hydrostatic pressure from the high ground water table and its potential negative effect on the future integrity and safety of [their] home . . .." ([Doc. 25] at ¶ 65).

Based upon the plaintiffs' allegations, this Court finds that the plaintiffs have adequately pled a plausible claim against Frall for fraudulent concealment. Accordingly, Count IV (Fraudulent Concealment) **MAY PROCEED** insofar as it is pled against Frall.

**C.     Punitive Damages (Count V)**

Next, Frall argues that the plaintiffs' allegations that Frall negligently waterproofed

their basement and failed to disclose its alleged negligence fail to support a claim for punitive damages. At this stage, this Court disagrees.

"Punitive damage instructions are legitimate only where there is evidence that a defendant acted with wanton, willful, or reckless conduct or criminal indifference to civil obligations . . .." **Michael v. Sabado**, 192 W.Va. 585, 601, 453 S.E.2d 419, 435 (1994). This Court finds it improper to decide on a 12(b)(6) motion whether punitive damages are available to the plaintiffs. Instead, this Court will address the issue if raised at the motion *in limine* stage of litigation. Accordingly, Count V (Punitive Damages) **MAY PROCEED** insofar as it is pled against Frall.

### D. Attorney's Fees

Finally, Frall argues that the plaintiffs should be precluded from pursuing attorney's fees. Again, this Court finds any request for such preclusion premature.

"As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement except when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." **Estate of Verba v. Ghaphery**, 201 W.Va. 30, 36, 552 S.E.2d 406, 412 (2001) (internal quotation and citation omitted). As with Frall's request to preclude punitive damages, this Court finds Frall's request to preclude attorney's fees better suited for a motion *in limine* after discovery has been completed. Accordingly, the plaintiffs' request for attorney's fees **MAY PROCEED**.

### CONCLUSION

For the foregoing reasons, this Court finds that Frall's Motion to Dismiss **[Doc. 56]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 8, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE